IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **MICHAEL WAYNE ELLIS,**<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>　　　　　　　Respondent. | **ORDER**<br><br>Case No.  2:05CV767 DAK |

　　　　This matter is before the court on Michael Wayne Ellis' ("Petitioner") pro se Motion to Vacate Plea, Vacate, Set Aside, and/or Correct Sentence By a Person in the Custody of the United States Bureau of Prisons pursuant to 28 U.S.C. § 2255.  On January 23, 2003, Petitioner pleaded guilty to possession with intent to distribute five hundred grams or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1).  On May 12, 2003, Petitioner was sentenced to the custody of the Bureau of Prisons for 262 months.  On May 13, 2003, Petitioner appealed his case to the Tenth Circuit Court of Appeals.  Petitioner's appeal dealt only with the motion to suppress, which this court had denied.  On June 14, 2004, the Tenth Circuit affirmed the district court's order on the motion to suppress.

　　　　Petitioner's motion argues that the calculation as to the applicable quantities of controlled substances was based on judicial fact-finding in violation of Petitioner's rights set forth in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004).  Petitioner also argues that his plea

was not freely and voluntarily entered because, at the time he entered his plea and signed his Statement by Defendant in Advance of Guilty Plea, he was not advised that the eight level enhancement related to career criminal status existed or would be imposed in his case. Furthermore, Petitioner asserts that his counsel rendered ineffective assistance of counsel in failing to advise him that the career criminal enhancement could potentially be imposed and in failing to request a rehearing *en banc* when *Blakely* was decided just ten days after the Tenth Circuit issued its decision in his case. Finally, Petitioner contends that the search of his trunk was without probable cause and should have been suppressed.

## DISCUSSION

Petitioner's motion fails on each ground. First, *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), did not apply to the United States Sentencing Guidelines. Petitioner claims that *Blakely* applies to his case because it was decided before his time for filing a writ of certiorari expired and, as such, he was entitled to relief under *United States v. Montgomery*, 324 F. Supp. 2d 1266 (D. Utah 2004). Although Petitioner's conviction was not final at the time *Blakely* was decided, the *Blakely* Court specifically expressly stated that the federal sentencing guidelines were not before it and that it expressed no opinion on them. *See* 124 S. Ct. at 2538. In addition, contrary to Petitioner's assertion that *Montgomery* constituted precedent for the district court, it was not binding precedent and this court was not and is not bound by the decision of a fellow district court judge in this district. Moreover, *Montgomery* was one of several varying opinions within this district regarding the impact of *Blakely* on the federal sentencing guidelines.

In addition, neither *Blakely* nor *United States v. Booker*, 543 U.S.220, 125 S. Ct. 738, 756 (2005), apply retroactively to cases on collateral review. *United States v. Bellamy*, 411 F.3d 1182, 1187 (10th Cir.2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir.2005). A party filing a § 2255 motion must do so within one year of:

>   (1)   the date on which the judgment of conviction becomes final;
>
>   (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>   (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255. Petitioner's motion was timely filed one year to the date of when his conviction became final. His conviction became final, however, before the Supreme Court's decision in *Booker*. There are two lines of cases disposing of § 2255 motions based upon *Booker*: (A) cases finding that *Booker* does not apply retroactively because it is a new procedural rule that does not implicate the fundamental fairness of the criminal proceeding; and (B) cases finding that *Booker* does not apply retroactively because the Supreme Court has not specifically held that it does, as required under *Tyler v. Cain*, 533 U.S. 656 (2001). Petitioner's motion is denied under both approaches.

3

### A.     *Booker* Does Not Apply Retroactively Because It Is a New Procedural Rule That Does Not Implicate Fundamental Fairness

When the Supreme Court announces a "new rule," the rule "applies to all criminal cases still pending on direct review." *Schriro v. Summerlin*, 542 U.S. 348, 124 S. Ct. 2519, 1522 (2004).  As to already final cases, the new rule applies only in limited circumstances.  *Id.*  "New *substantive* rules generally apply retroactively. . . .  New rules of procedure, on the other hand, generally do not apply retroactively" unless the procedural rule is a "'watershed rule[] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 2522-23 (internal quotations omitted).  "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes.  In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural." *Id.* at 2523 (internal citations omitted) (emphasis in original).

The Court in *Booker* "did not alter the range of conduct or the class of persons that the law punishes." *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005).[1]  Instead, *Booker* merely "altered the range of permissible methods for determining the appropriate length of punishment." *Id.* (quotations omitted).  "Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Schriro*, 124 S. Ct. at 2523.  Thus, *Booker* announces a procedural rule.  *See Price*, 400 F.3d at 845; *Rucker v. United States*, 2005 WL 331336, *5 (D. Utah Feb. 10, 2005) (holding that *Booker* is a procedural rule); *McReynolds v.*

---

[1]     In *United States v. Price*, 400 F.3d 844 (10th Cir. 2005), the court addressed the applicability of *Booker* by analyzing whether *Blakely* was a procedural or substantive rule.  *Id.* at 845.  However, *Price* does not conclude that *Blakely* applied to the Federal Sentencing Guidelines prior to *Booker*.  Instead, the court states, "even if the Court did apply *Blakely* to the federal guidelines, *Blakely* would not apply retroactively to initial § 2255 motions for collateral relief." *Id.*; *United States v. Leonard*, 2005 WL 139183 (10th Cir. Jan. 24, 2005) .

*United States*, 397 F.3d 479, 481 (7th Cir. 2005) (same); *United States v. Siegelbaum*, 2005 WL 196526, *2 (D. Or. Jan. 26, 2005) (same).

To determine whether a procedural rule applies retroactively, the court must determine (1) if the procedural rule is a new rule, and (2) if the new procedural rule falls into two limited exceptions to the general rule that procedural rules do not apply retroactively. *Price*, 400 F.3d at 845.

    1.    <u>*Booker* Is a New Rule</u>

To determine whether *Booker* was a new rule at the time that Petitioner's conviction became final, the court must first determine the date Petitioner's conviction became final, and second, whether *Booker* announces a new rule. *Id.* at 845. First, "a conviction becomes final when the availability of a direct appeal has been exhausted, and the time for filing a certiorari petition with the Supreme Court has elapsed, or the Court has denied a timely certiorari petition." *Id*. at 845. Petitioner's conviction became final months before *Booker* was decided by the Supreme Court.

Second, "[a] rule is new when it 'breaks new ground or imposes a new obligation on the States or the Federal government' or if it 'was not *dictated* by precedent existing at the time the defendant's conviction became final.'" *Johnson v. McKune*, 288 F.3d 1187, 1196 (10th Cir. 2002) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)); *Rucker*, 2005 WL 331336, *5. Although prior case law may have foreshadowed *Booker*, it did not compel the decision. *See Price*, 400 F.3d at 848. Therefore, *Booker* is a new rule. *See id.*; *Rucker*, 2005 WL 331336, *5 (holding *Booker* is a new rule); *McReynolds*, 397 F.3d at 481 (same); *Siegelbaum*, 2005 WL 196526, *2 (same).

### 2. As a New Procedural Rule, *Booker* Does Not Apply Retroactively Because It Does Not Fit Within the Limited Exceptions Under *Teague*

New procedural rules generally do not apply retroactively, unless they fall within two limited exceptions under *Teague v. Lane*, 489 U.S. 288, 307 (1989). *See Price*, 400 F.3d at 848. First, a new procedural rule will apply retroactively if it "'places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" *Id.* (quoting *Teague*, 489 U.S. at 307). *Booker* does not fall within this exception. *Id.* Second, a new procedural rule will apply retroactively if it is a "'watershed rule[] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" *Id.* (quoting *O'Dell v. Netherland*, 521 U.S. 151, 156 (1997)).

In *Booker*, the Court found the Sentencing Guidelines unconstitutional because they allowed a judge to impose a sentence based on facts neither admitted to nor proven by a jury. 125 S. Ct. at 756. The Court determined in *Schriro*, that judicial factfinding does not implicate fundamental fairness because the evidence is "simply too equivocal" to support the conclusion that judicial factfinding "'so *seriously* diminishe[s]' accuracy that there is an 'impermissibly large risk' of punishing conduct the law does not reach." *Schariro*, 124 S. Ct. at 2525 (quoting *Teague*, 489 U.S. at 312-13 (internal quotation marks omitted)). Thus, the judicial factfinding proscribed by *Booker* does not implicate fundamental fairness. *See Price*, 400 F.3d at 848. Therefore, *Booker* does not apply retroactively because it is a new procedural rule that does not implicate the fundamental fairness and accuracy of the criminal proceeding. Because Petitioner's conviction became final prior to the *Booker* decision, *Booker* does not apply to Petitioner's case.

### B. *Booker* Does Not Apply Retroactively Because the Supreme Court Has Not Specifically Held That It Does, As Required Under *Tyler v. Cain*

While the above analysis would dispose of Petitioner's claim, Petitioner's motion is denied on the independent ground that the Supreme Court has not specifically held that *Booker* applies retroactively to cases on collateral review, as required under 28 U.S.C.A. § 2255(3). Under § 2255, a Petitioner seeking review of his/her sentence based on a "newly recognized" right may do so only if the right was recognized by the Supreme Court and if the Court made the "newly recognized" right "retroactively applicable to cases on collateral review." *Id.* § 2255(3). Therefore, *Booker* applies to § 2255 motions only if (1) it is a "newly recognized" right, and (2) if the Supreme Court made it "retroactively applicable to cases on collateral review." *Id.*  First, as discussed above, *Booker* announces a new rule.

Second, under § 2255, the new rule must have been made "retroactively applicable to cases on collateral review." 28 U.S.C.A. § 2255(3). The Court in *Tyler v. Cain* interpreted similar language found in 28 U.S.C. § 2244 in determining the retroactive application of *Cage v. Louisiana*, 498 U.S. 39 (1990). *See Tyler*, 533 U.S. 656, 658 (2001). Section 2244 limits courts from awarding relief to prisoners who file successive habeas corpus applications, unless the prisoner "rel[ies] on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See id*. at 661-62. The Court found that under § 2244, for a new constitutional rule to apply retroactively to cases on collateral review, the Supreme Court–and the Supreme Court alone–must hold that the rule applies retroactively to cases on collateral review. *See id.* at 662-63. Therefore, the Court found that *Cage* did not apply to successive § 2244 applications because the Court had not specifically held that it applied. *See id.*

The language of § 2255 is similar to § 2244. Section 2255 limits review based on a new constitutional right to those rights "recognized by the Supreme Court and made applicable to cases on collateral review." 28 U.S.C.A. § 2255(3). The *Booker* Court specifically held that its determination applied "to all cases on direct review." 125 S. Ct. at 769. The Court did not, however, hold that it applied retroactively to cases on collateral review, as required by *Tyler* to find retroactive application. Thus, *Booker* does not apply retroactively to cases on collateral review. *See In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (holding that under *Tyler*, neither *Booker* nor *Blakely* retroactively applies to § 2255 motions); *see also Godines v. Joslin*, 2005 WL 177959, *2 (N.D. Tex. Jan. 27, 2005) (refusing to extend *Booker* to § 2255 motions); *Gerrish v. United States*, 2005 WL 159642, *1 (D. Me. Jan. 25, 2005) (holding that neither *Blakely* nor *Booker* applies retroactively to § 2255 motions).

**C. Plea Agreement**

In any event, Petitioner's Statement in Advance of Plea admitted to the count of possession with intent to distribute five hundred grams or more and that such a violation carried with it a sentence of imprisonment of not less than ten years and up to life. He also specifically admitted that the amount of cocaine involved in the offense to which he was pleading guilty was 9,868 grams of mixture substance (7,203 grams actual), and that 434.6 grams of marijuana should be considered as relevant conduct. Petitioner further stated that he understood that those amounts of controlled substances would be used to calculate his base offense level pursuant to the Sentencing Guidelines.

Based on the specific admissions in Petitioner's Statement in Advance of Plea, the amount of controlled substances was not a fact found by the court rather than a jury. *Booker*

does not apply when a Defendant specifically admits to quantities or other facts relied upon by the judge at sentencing. Therefore, there is no basis for finding that the quantities used to calculate the sentence were used impermissibly. Moreover, under the statute, the court was free to sentence Petitioner to any range between ten years as a minimum and life. Accordingly, Petitioner's motion is DENIED as to his *Blakely* and *Booker* challenge.

Petitioner also asserts that the government's failure to recommend 120 months of incarceration instead of 262 months violated the Plea Agreement in this case. The entire Plea Agreement is contained in the Defendant's Statement in Advance of Plea. Petitioner's Statement in Advance of Plea provides that the government agrees to recommend that he be sentenced at the low end of whatever sentencing guideline range is applicable provided that the low end is equal or greater than the statutory minimum of 120 months. Petitioner further acknowledged that the court could choose to make no decision as to what the sentence would be until a Presentence Report had been prepared and that the court was not obligated to follow the recommendation fo the government concerning sentencing matters.

The applicable guideline range at the time of the plea was not 120 months as asserted by Petitioner. The State in Advance of Plea clearly indicates that the applicable guideline range would be determined in a presentence report. Under the express terms of the agreement, the only guarantee is that Petitioner's sentence would be greater than 120 months. There is no basis for asserting that the government acted unfairly or breached the plea agreement. Petitioner's claims in this regard are, therefore, DENIED.

### D. Ineffective Assistance of Counsel

Next, Petitioner asserts that his appellate counsel rendered ineffective assistance of counsel by failing to seek a rehearing after *Blakely* was decided. Petitioner claims that because *Blakely* was decided only ten days after the Tenth Circuit affirmed this court's order with respect to the motion to dismiss, his attorney should have filed a petition for rehearing.

To demonstrate that his counsel was ineffective, Petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings).

Petitioner makes no claim and there is no support in the record for finding that his counsel was ineffective or that petitioner was prejudiced at any stage of the proceedings. Petitioner did not raise any issue in his appeal related to *Blakely*. And, as stated above, *Blakely* did not apply to the federal sentencing guidelines. Therefore, there was no basis for his counsel to petition for rehearing before the Tenth Circuit.

Petitioner also claims that his counsel rendered ineffective assistance of counsel by failing to advise petitioner of the career sentencing enhancement or objecting to the enhancement at sentencing. Petitioner, however, signed the Statement in Advance of Plea and acknowledged that he understood its contents. The Statement in Advance of Plea states that it is the full agreement between the parties. It also states that the maximum penalty for Petitioner's crime is life and that the judge is not bound by any of the recommendations made by the parties. There is ample evidence in that agreement to notify Petitioner that 120 months was the minimum

sentence he could receive. Moreover, the court clearly cannot find counsel ineffective in failing to inform it of an agreement that was not contained in the plea agreement.

Because the court finds no evidence that Petitioner's counsel was ineffective, Petitioner's motion on this ground is DENIED.

### E.  Probable Cause to Search

This court has previously ruled on Petitioner's claim that there was no probable cause to search his vehicle, and the Tenth Circuit affirmed that decision. Petitioner provides no new grounds for revisiting this issue. Therefore, there is no basis for finding the ruling contrary to law for purposes of Petitioner's § 2255 motion.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

DATED this 24th day of January, 2006.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge